UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOHNSON,

    Plaintiff,                                      Hon. Paul L. Maloney

v.                                                 Case No. 1:07 CV 1121

L. JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Rule 56(b) Motion for Summary Judgment, (dkt. #25), and Defendant Reynolds' Rule 56(b) Motion for Summary Judgment, (dkt. #32). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendants' Rule 56(b) Motion for Summary Judgment, (dkt. #25), be **granted**; and Defendant Reynolds' Rule 56(b) Motion for Summary Judgment, (dkt. #32), be **granted in part and denied in part**.

## BACKGROUND

In his complaint, (dkt. #1), Plaintiff asserts the following. On March 12, 2007, Plaintiff participated in testing to attain his General Equivalency Diploma (GED). Because Plaintiff had already completed several of the requirements to obtain his GED, he was not required to complete the entire test that was being administered. Instead, Plaintiff needed to complete only the math portion of the test in

question. Defendant Jones disagreed with Plaintiff, informing him that he needed to complete the entire test that was being administered. Plaintiff "completed the test," but Defendant Jones nonetheless "terminated Plaintiff's test and ordered him to leave the testing area." Plaintiff filed a grievance regarding this incident. In retaliation for filing this grievance, Plaintiff was "removed from school" and his prison work assignment was terminated.

Plaintiff asserts that Defendants Reynolds and Jones removed him from school in retaliation for filing a grievance against them. Plaintiff also asserts that Defendants Reynolds and Jones removed him from school without first affording him notice or an opportunity to contest their decision. Plaintiff alleges that Defendants Davids and Warden terminated his work assignment in retaliation for Plaintiff having filed a grievance against Defendants Reynolds and Jones. Plaintiff further alleges that Defendants Davids and Warden terminated his work assignment without first affording him notice and an opportunity to challenge their decision. Defendants now move for summary judgment.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to

show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.        Plaintiff's Claims Against Defendant Warden**

Plaintiff asserts that Defendant Warden terminated his work assignment in retaliation for filing a grievance against Defendants Reynolds and Jones. Plaintiff further alleges that Defendant Warden terminated his work assignment without benefit of due process.

Defendant Warden has submitted an affidavit in support of her motion for summary judgment. (Dkt. #26, Exhibit C). In her affidavit, Defendant Warden asserts that at the time period relevant to Plaintiff's claims she was employed by the MDOC as a secretary. Warden asserts that in this capacity she had no authority to remove prisoners from job assignments, but instead "merely process[ed] the paperwork." *Id.* Plaintiff has failed to submit any evidence to the contrary.

To impose liability on Defendant Warden, Plaintiff must establish that she was personally involved in the actions giving rise to his claims. *See Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) ("the supervisors must have actively engaged in unconstitutional behavior. . .[because] liability must lie upon more than a mere right to control employees and cannot rely on simple negligence") (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998). Defendant Warden's affidavit demonstrates that she played no role in the decision to terminate Plaintiff's work assignment. Plaintiff has submitted no evidence suggesting otherwise. Accordingly, the Court recommends that Defendant Warden is entitled to summary judgment as to all Plaintiff's claims.

**II.            Plaintiff's Retaliation Claims**

The elements of a First Amendment retaliation claim are as follows: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

As discussed above, the Court concludes that Defendant Warden is entitled to summary judgment because she played no role in the decision to terminate Plaintiff's work assignment. Plaintiff has asserted retaliation claims against the remaining three Defendants. As discussed below, Plaintiff has established that he was engaged in protected conduct and, furthermore, that there exist factual questions as to whether Defendants' actions constitute adverse action which would deter a person of ordinary firmness from engaging in protected conduct. Resolution of the remaining Defendants' motions for summary judgment, therefore, turns on whether Plaintiff can establish the requisite causal connection.

1.     Protected Conduct

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). This protection also guarantees to inmates the right to file non-frivolous grievances. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (because a prisoner's constitutional right to

access the courts extends to established prison grievance procedures, filing non-frivolous grievances constitutes protected conduct); *Eby*, 481 F.3d at 440 (same).

Plaintiff asserts that Defendants removed him from school and terminated his prison job in retaliation for filing a grievance against Defendants Reynolds and Jones. Plaintiff has submitted a copy of the grievance in question. While the grievance was denied, it does not appear to have been a frivolous grievance. Accordingly, the Court finds that Plaintiff was engaged in protected conduct.

2.  Adverse Action Which Would Deter a Person of Ordinary Firmness

As the Sixth Circuit has indicated, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Id.* at 603. Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.* While perhaps a close call, the Court finds that removing an inmate from school and terminating a prison work assignment is neither an inconsequential nor de minimis action. Accordingly, the Court finds that there exist unresolved questions of fact regarding this particular element of the analysis.

3. Causal Connection

Plaintiff must also establish that the adverse action taken against him was motivated, at least in part, by the protected conduct in which he engaged. In examining this element, the defendant's

subjective motivation is at issue and while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial.

As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Furthermore, if the defendant demonstrates that he "would have taken the same action even without the protected activity," he is entitled to summary judgment. *Eby*, 481 F.3d at 441-42.

        a.      Defendant Jones

Defendant Jones has submitted an affidavit in support of his motion for summary judgment. (Dkt. #26, Exhibit A). In his affidavit, Jones asserts that pursuant to a directive from the Michigan Department of Corrections' Education Manager, Plaintiff was required to complete the Tests of Adult Basic Education (TABE) examination. Plaintiff was afforded 25 minutes to complete the TABE test and instructed to "give his best effort." Plaintiff completed the test in only three minutes. When Jones examined Plaintiff's answer grid, he observed "a diagonal design on the test answer grid." Jones informed Plaintiff that "he had invalidly completed the test" and "instructed him to return to his unit." *Id.* Jones subsequently recommended that Plaintiff "receive a 30-day lay-in." *Id.* Jones made this recommendation on March 15, 2007. (Dkt. #29, Exhibits A-1). That same day, Jones also

recommended that Plaintiff be terminated from his prison work assignment for his "refusal to fully participate in programming."[1]  (Dkt. #29, Exhibit A-2).

The evidence submitted by Defendant Jones demonstrates that he took the aforementioned action not in response to Plaintiff's grievances, but in response to Plaintiff's refusal to properly complete the TABE test.  Plaintiff has submitted absolutely no evidence to the contrary.  Accordingly, the Court recommends that Defendant Jones is entitled to summary judgment as to Plaintiff's retaliation claims.

      b.    Defendant Davids

Defendant Davids has submitted an affidavit in support of his motion for summary judgment.  (Dkt. #26, Exhibit B).  On March 16, 2007, Defendant Davids placed Plaintiff on "Room Restriction/Unemployable Status."  (Dkt. #26, Exhibit B; Dkt. #29, Exhibit B-2).  Defendant Davids took this action because Plaintiff refused to "fully and actively participate in a school assignment." (Dkt. #29, Exhibit B-2).  Plaintiff's placement on room restriction rendered him ineligible to participate in his work assignment.  *See* Michigan Department of Corrections, Policy Directive 05.01.100 ¶ Y (effective January 1, 2001).  Plaintiff was taken off restriction in May 2007 and permitted to resume working. (Dkt. #26, Exhibit B).

This evidence demonstrates that Defendant Davids put Plaintiff on restriction (which resulted is his removal from his prison job) because of his refusal to properly complete the TABE test, not because of any grievance Plaintiff submitted.  Plaintiff has failed to submit any evidence to the

---

[1] Pursuant to MDOC policy, an inmate may be "reclassified as unemployable and therefore be ineligible for a work assignment" if he refuses to "fully and actively participate in a work assignment, or a school assignment. . .[including] refusing or failing to fully and actively participate in required testing."  Michigan Department of Corrections, Policy Directive 05.01.100 ¶ Y (effective January 1, 2001).

contrary. Accordingly, the Court recommends that Defendant Davids is entitled to summary judgment as to Plaintiff's retaliation claims.

### c. Defendant Reynolds

Plaintiff has done more than make bare allegations of retaliation against Defendant Reynolds. Plaintiff asserts that after filing a grievance against Defendants Jones and Reynolds, Defendant Reynolds approved Defendant Jones' recommendation that Plaintiff be placed on restriction, resulting in his removal from school and his work assignment. The documentary evidence submitted by Plaintiff is not inconsistent with his allegations. (Dkt. #29, Exhibits A-1 through B-5). In short, Plaintiff has asserted a "chronology of events from which retaliation may plausibly be inferred."

In response, Defendant Reynolds has presented neither an affidavit nor any other evidence. The Court fails to discern how Defendant Reynolds can establish the absence of a genuine issue of fact concerning this claim when he has failed to present the Court with any evidence in support of his motion for summary judgment. The Court further notes that the evidence submitted by the other Defendants does not reveal the absence of a genuine issue of material fact as to Plaintiff's retaliation claim against Defendant Reynolds. The Court recommends, therefore, that Plaintiff's retaliation claim against Defendant Reynolds be permitted to go forward.[2]

---

[2] The Court also concludes that it is unreasonable for Defendant Reynolds to argue that Plaintiff's allegations, if proven, do not violate clearly established constitutional rights of which a reasonable person would have known. Accordingly, the Court further recommends that Defendant Reynolds is not entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).

**III.**         **Plaintiff's Due Process Claims**

Plaintiff asserts that Defendants violated his due process rights by removing him from school and his work assignment without first affording him notice or an opportunity to contest their actions. As noted above, Defendant Warden is entitled to summary judgment because she was not involved in the conduct giving rise to Plaintiff's claims. The remaining Defendants are entitled to summary judgment as to these claims because Plaintiff was not deprived of a constitutionally protected liberty or property interest.

Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).

The Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433. The first step, therefore, in assessing whether Plaintiff suffered a violation of his procedural due process rights is to determine whether he was deprived of a constitutionally protected liberty or property interest.

A constitutionally protected liberty interest exists only in circumstances in which an individual is subjected to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also, Bazzetta v. McGinnis*, 430 F.3d 795,

798 (6th Cir. 2005). As the *Sandin* Court further noted, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin*, 515 U.S. at 485. Accordingly, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.*

With respect to property interests, the procedural protections of the Fourteenth Amendment are not implicated where an individual possesses simply "an abstract need or desire" or a "unilateral expectation" of receiving a particular item or benefit. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)); *see also, Bauss v. Plymouth Township*, 2007 WL 1451977 at *6 (6th Cir., May 17, 2007). Rather, the individual must "have a legitimate claim of entitlement" to the item or benefit at issue. *Gonzales*, 545 U.S. at 756; *Bauss*, 2007 WL 1451977 at *6. Moreover, an individual cannot possess a constitutionally protected property interest in an item or benefit where "government officials may grant or deny it in their discretion." *Gonzales*, 545 U.S. at 756; *Bauss*, 2007 WL 1451977 at *7.

Courts have consistently declared that prisoners have no constitutionally protected liberty or property interest in prison education programs or prison work programs. *See Carter v. Tucker*, 2003 WL 21518739 at *2 (6th Cir., July 1, 2003); *Williams v. Straub*, 2001 WL 1298991 at *2 (6th Cir., Aug. 8, 2001); *Jensen v. Knowles*, 2007 WL 2985264 at *1 (9th Cir., Sept. 24, 2007); *Lett v. Antwine*, 1999 WL 800124 at *1 (5th Cir., Sept. 16, 1999); *Garza v. Reynolds*, 2007 WL 2363340 at *3 (W.D. Mich., Aug. 16, 2007); *Barr v. DiGuglielmo*, 2008 WL 2786424 at *10 (E.D. Pa., July 17, 2008).

The Court concludes, therefore, that Plaintiff has not suffered a deprivation of a constitutionally protected liberty or property interest. Thus, Plaintiff did not suffer a violation of his due

process rights. Accordingly, the Court recommends that Defendants Reynolds, Jones, and Davids are entitled to summary judgment as to Plaintiff's due process claims.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that <u>Defendants' Rule 56(b) Motion for Summary Judgment</u>, (dkt. #25), be **granted**; and <u>Defendant Reynolds' Rule 56(b) Motion for Summary Judgment</u>, (dkt. #32), be **granted in part and denied in part**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 17, 2008         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge