UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM JOHNSON,

    Plaintiff,                                                Hon. Paul L. Maloney

v.                                                              Case No. 1:07 CV 1121

L. JONES, et al.,

    Defendants.

_____/


**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendant Reynolds' Renewed Rule 56(b) Motion for Summary Judgment</u>. (Dkt. #42). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendant's motion be **granted**.


**BACKGROUND**

In his complaint, (dkt. #1), Plaintiff asserts the following. On March 12, 2007, Plaintiff participated in testing to attain his General Equivalency Diploma (GED). Because Plaintiff had already completed several of the requirements to obtain his GED, he was not required to complete the entire test that was being administered, but instead needed to complete only the math portion. Defendant Jones disagreed with Plaintiff, informing him that he needed to complete the entire test that was being administered. Plaintiff "completed the test," but Defendant Jones nonetheless "terminated Plaintiff's test and ordered him to leave the testing area." Plaintiff filed a grievance regarding this incident. In

retaliation for filing this grievance, Plaintiff was "removed from school" and his prison work assignment was terminated.

Plaintiff asserts that Defendants Reynolds and Jones removed him from school in retaliation for filing a grievance against them. Plaintiff also asserts that Defendants Reynolds and Jones removed him from school without first affording him notice or an opportunity to contest their decision. Plaintiff alleges that Defendants Davids and Warden terminated his work assignment in retaliation for Plaintiff having filed a grievance against Defendants Reynolds and Jones. Plaintiff further alleges that Defendants Davids and Warden terminated his work assignment without first affording him notice and an opportunity to challenge their decision.

Defendants previously moved for summary judgment. (Dkt. #25, 32). On December 17, 2008, the undersigned issued a Report and Recommendation recommending that Defendants Jones, Davids, and Warden were entitled to summary judgment. (Dkt. #37). The undersigned further recommended that Defendant Reynolds was entitled to summary judgment as to Plaintiff's claim that his due process rights were violated, but that Plaintiff's retaliation claim against Defendant Reynolds should go forward. Defendant Reynolds now moves for summary judgment as to Plaintiff's retaliation claim.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient

opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of

the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## **ANALYSIS**

Plaintiff asserts that Defendant Reynolds removed him from school and his work assignment in retaliation for filing a grievance against Defendant Jones and Reynolds. Specifically, Plaintiff asserts that after filing a grievance against Defendant Jones and Reynolds, Defendant Reynolds approved Defendant Jones' recommendation that Plaintiff be placed on restriction, resulting in his removal from school and termination from his work assignment.

The elements of a First Amendment retaliation claim are as follows: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

1. Protected Conduct

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims."

*Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). This protection also guarantees to inmates the right to file non-frivolous grievances. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (because a prisoner's constitutional right to access the courts extends to established prison grievance procedures, filing non-frivolous grievances constitutes protected conduct); *Eby*, 481 F.3d at 440 (same).

Plaintiff asserts that Defendants removed him from school and terminated his prison job in retaliation for filing a grievance against Defendants Reynolds and Jones. Plaintiff has submitted a copy of the grievance in question. While the grievance was denied, it does not appear to have been a frivolous grievance. Accordingly, the Court finds that Plaintiff was engaged in protected conduct.

2. Adverse Action Which Would Deter a Person of Ordinary Firmness

As the Sixth Circuit has indicated, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Id.* at 603. Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.* While perhaps a close call, the Court finds that removing an inmate from school and terminating his prison work assignment is neither an inconsequential nor de minimis action. Accordingly, the Court finds that there exist unresolved questions of fact regarding this particular element of the analysis.

3. Causal Connection

Plaintiff must also establish that the adverse action taken against him was motivated, at least in part, by the protected conduct in which he engaged. In examining this element, the defendant's subjective motivation is at issue and while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial.

As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Furthermore, if the defendant demonstrates that he "would have taken the same action even without the protected activity," he is entitled to summary judgment. *Eby*, 481 F.3d at 441-42.

Defendant Reynolds has submitted an affidavit in which he asserts that Plaintiff was aware that "failure to fully participate in TABE [Tests of Adult Basic Education] testing would result in removal from the school and room restriction sanctions." (Dkt. #43, Exhibit A). Reynolds asserts that on March 12, 2007, Plaintiff participated in TABE testing. During this testing, Plaintiff "was not making a good faith effort to actually answer the test questions, and was not fully participating in the TABE testing." As a result, Defendant Jones recommended that Plaintiff be placed on room restriction and "unemployable" status for failure to fully participate in TABE testing. Defendant Reynolds approved Defendant Jones' recommendation. Reynolds asserts, however, that he "was not aware of any

grievance filed by Plaintiff" when he adopted Jones' recommendation. Defendant Reynolds asserts that he "would have taken this action. . .under any circumstances" because "[f]ailure to fully participate in TABE testing by any student with always result in removal from the school and placement on [restriction] status."

In sum, Defendant Reynolds has established that his actions in this matter were unrelated to Plaintiff's protected conduct. Plaintiff has submitted no evidence to the contrary. Accordingly, the undersigned recommends that Defendant Reynolds is entitled to summary judgment as to Plaintiff's retaliation claim.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant Reynolds' Renewed Rule 56(b) Motion for Summary Judgment, (dkt. #42), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 28, 2009  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge