UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOHNSON,
        Plaintiff,

        No. 1:07-cv-1121

-v-

        HONORABLE PAUL L. MALONEY

L. JONES, ET AL.,
        Defendants.

## OPINION AND ORDER ADOPTING REPORTS AND RECOMMENDATIONS OVER OBJECTIONS

At issue are two reports and recommendations addressing three motions for summary judgment. Plaintiff William Johnson, proceeding *pro se*, is a prisoner under the control of the Michigan Department of Corrections (MDOC). Plaintiff filed a civil rights suit under 42 U.S.C. § 1983 against four employees of the Carson City Correctional Facility. Defendants Jones, Warden and Davids filed a motion for summary judgment. (Dkt. No. 25.) Plaintiff filed a response. (Dkt. No. 28.) Defendant Reynolds filed a separate motion for summary judgment. (Dkt. No. 32.) The magistrate judge issued a report recommending the motion filed by Defendants Jones, Warden and Davids be granted and the motion filed by Defendant Reynolds be granted in part and denied in part. (Dkt. No. 37.) Plaintiff filed objections. (Dkt. No. 38.) Rather than filing objections, Defendant Reynolds opted to file a renewed motion for summary judgment, correcting omissions identified by the magistrate judge. (Dkt. No. 42.) Plaintiff filed a response. (Dkt. No. 45.) The magistrate judge issued a second report recommending Defendant Reynolds' renewed motion be granted. (Dkt. No. 59.) Plaintiff filed objections. (Dkt. No. 60.) The court has reviewed the complaint, underlying motions and responses, the reports and recommendations, the objections, and relevant legal authority.

I. STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

II. ANALYSIS

The magistrate judge has carefully described the events giving rise to Plaintiff's complaint. Having reviewed Plaintiff's objections, any factual discrepancies between the summary of facts in the reports and recommendations and Plaintiff's objections are not material to the outcome of the pending motions. As a short summation, on March 12, 2007, Plaintiff was removed from a test for his General Equivalency Diploma (GED) by Defendant Jones after Plaintiff and Jones disagreed

about Plaintiff's obligations to complete portions of the test. Later that day, Plaintiff grieved Jones' decision to remove him from the test; the grievance was received by the Grievance Coordinator's office on March 15. On March 15, Defendant Jones recommended Plaintiff be placed on "00" status for thirty days for his conduct at the test. On March 16, Defendant Reynolds approved the recommendation. As a result of his "00" status, Defendant Davids placed Plaintiff on room restriction, which made him ineligible for his work assignment. Plaintiff believes he was removed from the GED classes and his work assignments were terminated in retaliation for filing the grievance against Defendant Jones.

A. Report and Recommendation No. 1 (Dkt. No. 37)

The magistrate judge's report reflects careful deliberation of all the issues. For the reasons provided here, Plaintiff's objections are overruled and the report and recommendation is adopted as the court's opinion.

1. Claims Against Defendant Warden

As explained in the R&R, Defendant Warden had no authority to remove prisoners from work assignments. Contrary to his objection, Plaintiff's evidence does not create a genuine issue of material fact on Defendant Warden's authority. Defendant Warden acted as the school secretary and merely processed paperwork effectuating policies beyond her decision making authority. As a result, Plaintiff has not established the sort of personal involvement required to impose liability on Defendant Warden. All the claims against Defendant Warden are dismissed.

2. Retaliation Claims - Defendant Jones and Defendant Davids

As explained in the R&R, Defendants Jones and Defendant Davids submitted evidence establishing a lack of a causal connection between Plaintiff's protected conduct and the adverse

3

actions. Plaintiff's objection fails to address the magistrate judge's conclusions. Plaintiff asserts Defendant Jones' reason for making Plaintiff take the entire GED test is not supported by any authority. Plaintiff's protected activity was the filing of a grievance, not his conduct during the test. Plaintiff's objection does not establish a genuine issue of material fact on the issue of causation between his protected activity and the adverse action. Whether Defendant Jones was justified in requiring Plaintiff to take the entire test does not impact Plaintiff's retaliation claim. With regard to Defendant Davids, Plaintiff asserts he was never given a reclassification hearing in violation of prison policy. Again, Plaintiff's objection does not address the magistrate judge's conclusion related to the lack of a causal connection in Plaintiff's retaliation claim.

3. Retaliation Claims against Defendant Reynolds

The magistrate judge recommends denying Defendant Reynolds' motion for summary judgment. As explained in the R&R, Defendant Reynolds neglected to submit any evidence to support his motion and has not established a lack of genuine issue of material fact on the retaliation claim against him. Defendant Reynolds has not filed any objections to the report.

4. Due Process Claims

The magistrate judge recommends dismissing Plaintiff's claims for deprivation of due process. As explained in the R&R, prisoners have no constitutionally protected liberty interest or property interest in prison education programs or prison work programs. Therefore, Plaintiff has not suffered a deprivation of any constitutionally protected liberty or property interest. In his objection, Plaintiff asserts a state created right to education is likely protected under the due process clause, citing *Bd. of Regents v. Roth*, 408 U.S. 564, 570-71 (1972). One court in this district previously concluded "prisoners have no constitutionally protected liberty interest in prison

vocational, rehabilitation, and/or educational programs based on the Fourteenth Amendment." *Garza v. Reynolds*, No. 4:06-cv-115, 2007 WL 2363340, at * 3 (W.D. Mich. Aug. 16, 2007) (citing *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at * 2 (6th Cir. Feb. 10, 1998) and *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at * 1 (6th Cir. June 1, 1994)). This conclusion that prisoners have no liberty interest in prison education programs is consistent with other rulings on a broader right to education. The United States Supreme Court has held that "[p]ublic education is not a 'right' granted to individuals under the Constitution." *Plyer v. Doe*, 457 U.S. 202, 221 (1982) (citing *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973)). Some states have enacted statutes which give rise to a right to education that may not be taken away without due process. *See Goss v. Lopez*, 419 U.S. 565, 573 (1975). However, Michigan courts have held that there is no fundamental right to education under Michigan's Constitution. *Feaster v. Portage Pub. Sch.*, 210 Mich. App. 643, 650, 534 N.W.2d 242, 246 (1995) (Neff, J) (siding with the majority of appellate court panels on the issue and acknowledging one appellate panel reaching the opposite conclusion) *rev'd on other grounds*, 451 Mich. 351, 547 N.W. 2d 328 (1996) (per curiam).

B. Report and Recommendation No. 2.

The magistrate judge's report reflects careful deliberation of all the issues. For the reasons provided here, Plaintiff's objections are overruled and the report and recommendation is adopted as the court's opinion.

The second R&R addresses Plaintiff's claim for retaliation against Defendant Reynolds. The magistrate judge concluded Defendant Reynolds provided sufficient evidence to conclude the adverse action taken had no causal connection to Plaintiff's protected conduct, the filing of his grievance. Furthermore, Defendant Reynolds averred he would have taken the adverse action,

approving Defendant Jones' recommendation that Plaintiff be placed on "00" status which resulted in room restriction and removal from work detail, even if Plaintiff had not filed the grievance. Defendant Reynolds averred that failure to participate in the GED testing by any student results in removal from school and placement on restricted status.

None of Plaintiff's objections undermine the magistrate judge's conclusion. Plaintiff has offered no sworn testimony or other documentary evidence establishing that Defendant Reynolds was aware of the grievance on March 16 when Defendant Reynolds approved Plaintiff's "00" classification. Plaintiff's assertion to the contrary is not evidence. Even if Defendant Reynolds was aware of the grievance, he is still entitled to summary judgment. Defendant Reynolds has submitted evidence that he would have taken the same action whether Plaintiff submitted a grievance or not, because any prisoner who fails to fails to fully participate in the testing will be removed from school and placed on "00" status. "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (en banc). Plaintiff has provided no evidence to undermine Plaintiff's assertion.

III. CONCLUSION

Defendants are entitled to summary judgment and the claims against them are dismissed. Defendant Warden has established a lack of personal involvement because she had insufficient authority to perform any adverse action against Plaintiff. Defendants Jones and Davids have established their adverse actions against Plaintiff were unconnected to his protected activity. Plaintiff has not established he had any constitutionally protected liberty or property interest in his education or work programs and therefore he has no claim for denial of due process. In his second

6

motion for summary judgment, Defendant Reynolds has established a lack of any causal connection between Plaintiff's protected activity and the adverse action taken. For Defendants Jones, Davids and Reynolds, Plaintiff has not put forth evidence sufficient to create a genuine issue of material fact on the causal connection between his protected activity and the adverse consequences suffered.

ORDER

For the reasons provided in the report and recommendations and the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 37) is **ADOPTED OVER OBJECTIONS** as the court's opinion. The motion (Dkt. No. 25) for summary judgment filed by Defendants Warden, Jones and Davids is **GRANTED.** The motion (Dkt. No. 32) for summary judgment filed by Defendant Reynolds is **GRANTED IN PART AND DENIED IN PART.**

2. The report and recommendation (Dkt No. 59) is **ADOPTED OVER OBJECTIONS** as the court's opinion. The motion (Dkt. No. 42) for summary judgment filed by Defendant Reynolds is **GRANTED.**

3. Plaintiff's pending motion (Dkt. No. 54) for summary judgment is **DISMISSED AS MOOT.**

Date:   February 18, 2010 /s/ Paul L. Maloney  
Paul L. Maloney  
Chief United States District Judge