UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOHNSON,
    Plaintiff,

No. 1:07-cv-1121

-v-

HONORABLE PAUL L. MALONEY

L. JONES, ET AL.,
    Defendants.

ORDER DENYING CERTIFICATE OF GOOD FAITH FOR PURPOSES OF APPEAL

    In November 2007, Plaintiff William Johnson, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint and an application to proceed *in forma pauperis*. The application to proceed *in forma pauperis* was granted. (Dkt. No. 3.) On February 18, 2010, this court adopted two reports and recommendations issued by the magistrate judge over objections filed by Plaintiff William Johnson. (Dkt. No. 61.) As a result, the court granted a motion for summary judgment filed by Defendants Warden, Jones and Davids and dismissed the claims against them. The court also granted a motion for summary judgment filed by Defendant Reynolds and dismissed the claims against him. The court then issued a judgment in favor of Defendants and against Plaintiff and terminated the action. (Dkt. No. 62.) Plaintiff has since filed a notice of appeal. (Dkt. No. 63.)

    Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good

faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.* An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F.Supp.1119, 1120 (W.D. Tex. 1985) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

This court concludes any appeal would be frivolous. The legal basis for Plaintiff's due process claim is indisputably meritless. Plaintiff has no protected liberty or property interest in the prison's education program. The factual basis for Plaintiff's retaliation claims lack any evidence of a causal connection between the alleged retaliation and the filing of his grievance, which was the protected activity. Therefore, any appeal from the court's February 18, 2010 decision would **NOT BE TAKEN IN GOOD FAITH. IT IS SO ORDERED.**

Date:   March 29, 2010                            /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                         Chief United States District Judge